The bill is filed to restrain an action at law brought by Richard P. Bloom against Fannie W. Schoeneman to recover the amount paid by Bloom to Schoeneman for the assignment of a certain mortgage.
The allegations in the bill of complaint are:
1. On or about the 28th day of December, 1927, defendant, Richard P. Bloom, entered suit against this complainant in the Atlantic county circuit court, seeking to recover the sum *Page 422 
of $1,500 damages, with interest from October 8th, 1926, for an alleged breach of representation, to wit: That a certain mortgage made by Winchester Development Company, securing a bond assigned by complainant to defendant, was a first lien upon the premises covered by the said mortgage, which said representation was said to have been made by complainant's agent to the defendant, before and at the time of the said assignment. A copy of the complaint in said action is annexed hereto and made a part hereof and marked Exhibit A.
2. Defendant further alleged, in said suit, that said mortgage purporting to secure the bond aforesaid, was in reality not a first lien upon the premises, and was in fact no lien whatsoever.
5. Prior to December 1st, 1926, the date of the assignment of the bond and mortgage aforesaid by complainant to defendant, to wit: on October 8th, 1926, the obligor and mortgagor, Winchester Development Company, defaulted in said mortgage by failing to pay to complainant, the owner and holder of said bond and mortgage at said time, the principal and interest that then accrued on said bond and mortgage.
6. On November 3d 1926, as a result of said default, complainant placed the bond and mortgage in the hands of her attorneys to institute suit in the court of chancery of New Jersey for the foreclosure of said mortgage. Said attorneys demanded payment of the obligor, which was refused, and they then prepared to institute a suit for foreclosure of the mortgage.
7. In the carrying on of said foreclosure proceedings, complainant would have promptly discovered the defect alleged to have affected said mortgage, to wit: that said mortgage was, in fact, no lien on the premises purported to be covered by it.
8. On November 23d 1926, and for sometime thereafter, the Winchester Development Company was in such a financial position that if the defect in said mortgage had been then discovered, complainant could have secured from said company the sum due on said bond and mortgage. *Page 423 
9. That on either August 30th, 1927, or September 2d 1927, a receiver was appointed for the Winchester Development Company as an insolvent corporation; and if complainant were not compelled to resort to the Winchester Development Company for satisfaction of said bond and mortgage, complainant would be without any substantial means of obtaining satisfaction, and complainant would be compelled to suffer the loss of a large part, and possibly the whole, of the face amount of said bond and mortgage.
10. At all times heretofore mentioned, defendant, as a broker, who had placed many mortgage loans for the Winchester Development Company, was greatly interested in the maintenance of, and in helping to maintain, the financial stability of that company.
Aside from the general facts as set out in said complaint, the testimony had before me was that a title policy was issued by the Atlantic Guaranty and Title Insurance Company in favor of said Fannie W. Schoeneman and accompanied said mortgage. In said title policy was a clause to the effect that in the event of an assignment of the mortgage, upon notice given, the title company would transfer said policy to the assignee. This notice was never given and the name of the beneficiary was never changed on the title policy. The policy thereupon became of no effect and the guarantee therein terminated and cannot be revived unless the guarantor consents thereto for a consideration. Bradley v.Atlantic Guaranty and Title Insurance Co., 98 N.J. Law 34; Ibid.741.
It was also shown that after the assignment to Esther J. Kaier and while she was holding the ownership of said bond and mortgage, she, by agreement, in writing, under seal, extended the time of payment of said mortgage. The defendant insists that the purchase-money paid by Bloom may be recovered back because there was a total failure of consideration.
It was manifest, however, as set forth in clause four in the complaint at law, that Bloom purchased the bond and the mortgage given as security therefor and he cannot claim that there is an entire failure of consideration, and the fact that *Page 424 
the bond and mortgage are worth less than the amount he paid for them is not such a failure of consideration as will support a recovery. 35 Cyc. 602.
Bloom was very much interested in the standing of the mortgages made by the Winchester Development Company, he having acted as broker for the sale of a great many, and upon ascertaining that certain mortgages were about to be placed in the hands of counsel in Atlantic City for the purpose of foreclosure, agreed to buy certain ones, of which the mortgage in question was included. It was afterwards ascertained that this mortgage was not a lien upon the lands therein described because, through error or other cause, the description covered a property not belonging to the Winchester Development Company at the date of the mortgage.
In addition to this, he cannot place Mrs. Schoeneman in statusquo for two reasons, first, by taking the assignment without having the title policy transferred to him, Mrs. Schoeneman has not, nor can Bloom give her, the guaranty of the title company. This is not, in this case, an academic proposition, or without real value. The testimony is undisputed that the title company had in its hands sufficient money belonging to the mortgagor to have paid any loss under the title policy in question, but upon an examination of their records they found that this title policy was not in effect or subject to enforcement and thereupon paid out said moneys to or upon the order of the said Winchester Development Company. Secondly, the fact that the time of payment of said bond and mortgage had been legally extended to a time subsequent to its original maturity prevents a return to the original condition.
A decree will be advised restraining the suit at law. *Page 425